**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEWAYNE BULLS,<br><br>*Plaintiff*,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-cv-2694 (RDM) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff Dewayne Bulls's *pro se* complaint, Dkt. 1. Plaintiff brings claims against the Federal Bureau of Investigations ("FBI"), the U.S. Department of Justice, the General Services Administration, the U.S. Postal Service, Unity Healthcare, the Martin Luther King Jr. Memorial Library, unnamed federal officials, and unnamed "[p]rivate individuals and entities acting . . . at the direction of the FBI" (collectively, "Defendants"). *Id.* at 3 (Compl. ¶¶ 7–14). The Court has granted Plaintiff leave to proceed in forma pauperis. *See* Min. Order (Nov. 19, 2026). Pending before the Court are fifteen motions that Plaintiff has filed seeking miscellaneous relief, Dkts. 3–5, 8, 12, 14–16, 21–23, 25–28, including two motions for a temporary restraining order, Dkts. 3 & 8. No defendant has yet been served.

Under the statute governing in forma pauperis proceedings, the Court is required to dismiss a case "at any time" if it determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Where, as here, the plaintiff is proceeding pro se, the Court will hold his pleadings "to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Still, "*pro se* litigants do not have a license to ignore the Federal Rules of Civil Procedure." *Oviedo v. Washington Metro. Area Transit Auth.*, 948 F.3d 386, 397 (D.C. Cir. 2020) (internal quotation marks and citations omitted).

Where a complaint is overly vague or fails to identify any plausible basis for granting relief, a court may conclude that the complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or failure to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" under Federal Rule of Civil Procedure 8(a).

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* As the Supreme Court has explained, a court need not accept as true any "legal conclusion couched as a factual allegation," "naked assertion[] devoid of further factual enhancement," or "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

Rule 8(a), in contrast, does not focus on the legal sufficiency of the plaintiff's claims but, rather, on fair notice and judicial efficiency. The rule is designed to ensure that the defendant is "able to discern what a plaintiff is alleging in order to know how to defend against the claims," *Watkins v. Dep't of Justice*, No. 23-cv-766, 2024 WL 4362156, at *2 (D.D.C. Sept. 30, 2024),

and to ensure that the Court can fairly and efficiently identify and address whether the complaint complies with Rule 12(b).

Here, Plaintiff's complaint advances scores of allegations concerning the FBI and unnamed FBI officials, as well as further allegations against named and unnamed individuals whom Plaintiff alleges are "[p]roxies" acting "at the direction of the FBI." Dkt. 1 at 3 (Compl. ¶ 14); *see generally* Dkt. 1. Plaintiff alleges, among other things, that the FBI has "systematically usurped and impersonated the Article III judiciary of the United States" by authoring opinions in Plaintiff's previous lawsuits, Dkt. 1 at 7 (Compl. ¶ 26); that the FBI "installed malware on every public library computer terminal accessible to Plaintiff" in order to interfere with Plaintiff's access to the courts, *id.* at 11 (Compl. ¶¶ 38–41), that the FBI "impersonated the American Civil Liberties Union and the law office of [a] civil-rights attorney . . . , falsely stating in correspondence that those organizations could not assist [Plaintiff]," *id.* at 14–15 (Compl. ¶ 56), and that the FBI "attempted to inject a chemical payload of MDMA, or its manufactured precursors, designed to breach the integrity of commercial packaging interfaces, such as Gatorade juice packets via FBI delay [sic] Amazon order," *id.* at 6 (Compl. ¶ 23). Plaintiff's allegations concerning the other named defendants are largely tangential and bare in their factual content: the complaint alleges that the FBI acted "through" or "in concert with" the Department of Justice, the General Services Administration, Unity Healthcare, and the Martin Luther King Jr. Memorial Library *id.* at 7, 10–12 (Compl. ¶¶ 23, 35, 38, 43.2). He appears to make no specific allegations concerning the U.S. Postal Service. *See generally* Dkt. 1.

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Here, Plaintiff appears to attribute every decision against him and difficulty he faces to an unseen and omnipotent cabal of FBI agents. He fails to provide factual allegations that might ground his theories, simply asserting that the FBI is operating behind the scenes. Similarly, Plaintiff files exhibits that purportedly reflect "FBI fabrication," but Plaintiff alleges no facts that would support an inference of fabrication except for that conclusory assertion. Dkt. 1-1 at 1. Plaintiff's "naked assertion[s]" of a nefarious scheme and "[t]hreadbare recitals" of law, *Iqbal*, 556 U.S. at 678, are insufficient to support the twenty-odd claims at which he gestures, Dkt. 1 at 19–27 (Compl. ¶¶ 78–111). The Court thus concludes that Plaintiff fails to state a plausible claim for relief, meriting dismissal under Rule 12(b)(6). In the alternative, the Court finds that the complaint fails to comply with Rule 8 because it provides insufficient factual matter for Defendants to understand and engage with the bases for Plaintiff's allegations. The Court will thus dismiss the complaint. 28 U.S.C. § 1915(e)(2). The Court will further deny Plaintiff's remaining motions as moot and, in the absence of further proceedings, will enter final judgment within fourteen days.

## CONCLUSION

For the foregoing reasons, the Court will **DISMISS** Plaintiff's complaint, Dkt. 1, and **DENY** as moot Plaintiff's pending motions, Dkts. 3–5, 8, 12, 14–16, 21–23, 25–28.

A separate order will issue.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: November 24, 2026